**LAW OFFICE OF ROGER W. FRAZIER**
2525 East Broadway Blvd., Suite 200
Tucson, Arizona 85716
Tel:  (520) 882-4294
Fax:  (520) 882-2853
Roger W. Frazier, SBN 012146
roger@frazierlawaz.com

**Attorney for Plaintiff**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Floyd, an individual<br><br>    Plaintiff,<br><br>    v.<br><br>Kirstjen M. Nielsen, Secretary, U.S. Department of Homeland Security,<br><br>    Defendant. | No.<br><br>**COMPLAINT** |

   For his Complaint, Plaintiff, Thomas Floyd, alleges,

### THE PARTIES, VENUE AND JURISDICTION

   1.   Plaintiff Thomas Floyd, a married person, is now and was at all times during the events alleged in this Complaint a resident of Pima County, Arizona.

   2.   Defendant Kirstjen M. Nielsen (the "Secretary") is the Secretary of the United States Department of Homeland Security, of which the Federal Emergency Management Agency ("FEMA" or "the Agency") is a component.

   3.   Plaintiff was a FEMA reservist employed by the Agency from on or about May 5, 2004 until September 20, 2014, after being informed on September 16 and 17, 2014 that he was not chosen for reappointment.

   4.   This case arises under the Age Discrimination in Employment Act under 29 U.S.C. 621 et seq., and more specifically under 29 U.S.C. § 633a, and this Court has

jurisdiction pursuant to 29 U.S.C. § 633a(c), and 28 U.S.C. §§ 1331 and 1343.

5. Venue is proper in this court under 29 U.S.C. 633a(c) and 28 U.S.C. § 1391(b)(2) and (e)(1)(B, C).

6. Plaintiff exhausted his administrative remedies by the following actions. He contacted his EEO counselor on September 18, 2014, and complained that he was discriminated against by not being reappointed because of his age. He was issued a right to file a discrimination complaint on October 16, 2014, and filed his Individual Complaint of Employment Discrimination on October 24, 2014. On December 7, 2015, the Agency sent Plaintiff a copy of the investigative file on his complaint, after which on December 29, 2015 he timely requested a hearing before a U.S. Equal Employment Opportunity Administrative Judge pursuant to 29 C.F.R. 1614.108(g). The Administrative Judge decided the matter by summary judgment in the defendant's favor on September 24, 2018, and the Agency served its Final Order on October 24, 2018.

7. This Complaint is timely filed within 90 days of Plaintiff's receipt of the Final Agency Decision, as both permitted and required by 29 C.F.R. 1614.407(a).

## **GENERAL ALLEGATIONS**

8. During the period of Plaintiff's employment with FEMA as a disaster reservist, he worked as an IT Specialist.

9. FEMA appointed disaster reservists under two-year appointments, with the possibility of reappointment for each next succeeding two-year period.

10. On September 16, 2014, Tommy Sanders, an IT coordinator for FEMA at the time, emailed Plaintiff and purporting from FEMA's national IT cadre coordinator April Jansen ("Jansen"), telling Plaintiff "As of September 20, 2014; your Appointment as a Disaster Reservist will expire and will not be renewed. Thank you for your service." The email also explained who to contact to turn in his equipment, but gave no reason for the non-renewal.

11.     On September 17, 2014, Jansen sent a mass email to a number of reservists explaining that while certain persons were being offered disaster reservist positions for the next two-year period, the persons receiving that email "were not found to be among the most highly qualified candidates, and therefore, have not been selected for this position."

12.     Plaintiff asked Jansen but she did not respond to his inquiries as to what she meant by "most highly qualified candidates." This was baffling to Plaintiff because he was highly experienced, trained and qualified to do the IT Specialist job, with many outstanding evaluations, certifications for training, and successful experience in the field going all the way back to 1977.

13.     Plaintiff was 64 years old at the time he was notified in September, 2014 that he would not accepted for reappointment to another two-year term.

14.     Jansen was aware of Plaintiff's age in general; she met and spoke with Plaintiff about only two months earlier at a two-week training in South Carolina, including socializing at a bar after class. She stated during that training that there were people who had been with the Agency for a longer period of time and were paid higher than her, or something of that gist, and were grandfathered for higher pay.

15.     April Jansen stated in interrogatories in the administrative investigation that the decision not to renew Plaintiff's appointment was made by a panel. In May, 2014, another FEMA coordinator Wendy Pratt, who was also on the panel who decided Plaintiff's non-reappointment, emailed Plaintiff's wife, who is also a FEMA disaster reservist, to set Plaintiff and his wife up for the training that took place in South Carolina in July, 2013, and noting Plaintiff's "grandfathered" pay status.

16.     Having been told only that he was not the most qualified when he was not reappointed, and based on comments made by Jansen and Pratt about his being an older employee who was grandfathered at a higher pay rate, Plaintiff complained in his

administrative complaint that he was discriminated on the basis of age.

17. During the administrative investigation, Jansen stated in an interrogatory response that the decision to terminate Plaintiff was based on a review of compliance with the Conditions of Employment. It was later revealed to Plaintiff, upon receipt of the Investigation documents, that Jansen reported to the EEO Counselor that her concern was that during the time of 1 Jan. 2014 to Aug 2014, Plaintiff had 5 declinations and reservists are only allowed 3 within a calendar year. In subsequent document production, the Agency produced what it claimed evidenced four declinations by Plaintiff in 2014.

18. The Conditions of Employment in effect for the 2012-2014 reappointment, which April Jansen alleged were violated, did not contain any reference to three declinations in a 12-month period, nor did anyone tell Plaintiff of such a policy.

19. Several years after Plaintiff's non-renewal, and shortly before filing the motion for summary judgment before the EEOC administrative judge, the Agency produced a document entitled FEMA Directive (FD) 010-6, which was not the Conditions of Employment in effect in 2012-2014, but which the Agency claimed was in effect at the relevant time, and which stated in one place that the Agency may, not shall, terminate, in the event of three of more declinations, and in another place, that they shall terminate.

20. The Agency defines declination to be a failure to return a deployment request with 24 hours of a call of an email requesting deployment.

21. Plaintiff declined two deployment requests in 2014, one which should have been excused. The first was for personal reasons, but the second, in June, 2014, was because he had already been scheduled for the training in South Carolina, and the deployment was likely to overlap and conflict with the previously scheduled seminar.

22. Plaintiff does not recall receiving any calls or messages in 2014 regarding

any other deployments that he ignored or did not return. Two declinations claimed by the Agency had shortened response times, one being only about 30 minutes and the other unspecified, before moving on to the next candidate because of an urgent need; there was no requirement to respond in such a shortened time or that this should be deemed a job-threatening declination.

23. Another person on the panel was Jesse Bartholomew ("Bartholomew"), an IT manager at FEMA, and who knew Plaintiff. Bartholomew's job was to provide any knowledge that would have any bearing on why an individual might refuse three of more deployment requests, and whether there were any factors that could be considered excusable circumstances. Thus, there was a subjective component to the decision-making process, but no one advised Plaintiff of a problem, or asked any questions of him about any of the claimed declinations.

24. Bartholomew claimed that Plaintiff had five declinations in that year, and that at least one declination he counted was while Plaintiff was in Afghanistan working for a contractor Plaintiff. Bartholomew claimed that Plaintiff had misrepresented his employment with the contractor as military service.

25. Plaintiff's tour in Afghanistan with the contractor was November, 2011 though June, 2013, and not at all in 2014. And while he was in Afghanistan, Plaintiff personally spoke to April Jansen and explained the situation to her, and she expressly told him that she would list him as a military exemption; Plaintiff did not misrepresent his employment.

26. In total, based on documentation in the ROI, 33 reservists of the 60 who were non-reappointed in September, 2014 were non-reappointed on grounds of "declinations." Of those 33, 29 (87.9%) were over 40 years old, 22 (66.7%) of them were 60 years or older. One's age was unknown, and three were under 40.

27. Also based on documents produced by the Agency during the

administrative process, of FEMA's new hires of reservists during the 2015 calendar year, 31 of 52 (59.6%) were over 40 years old, but only 10 (19.2%) of them were 60 years or older.

28. At the termination of Plaintiff's appointment in 2014, his pay was $31.51 per hour. More than 99% of those being newly hired thereafter in 2015 were paid at much lower rates, usually either $24.17 or $16.14.

29. Plaintiff moved to amend his complaint to the administrative judge at the EEOC in December, 2016 to alleged that the declination policy that Defendant claims to have applied to non-renew him created a disparate impact because of age. The administrative judge did not rule on the motion to amend prior to summary judgment proceedings, but never denied the motion to amend, and instead allowed and ruled on the argument on disparate impact as contained in Plaintiff's response to the Agency's motion for summary judgment, although denying that argument on substantive grounds.

## COUNT ONE

## DISPERATE TREATMENT BECAUSE OF AGE

30. Plaintiff re-alleges each and every allegation contain in ¶¶ 1-29 as if fully set forth herein.

31. Plaintiff, at age 64, was over the age of 40 and subject to protection under 29 U.S.C. § 633a(a) from any discrimination based on age.

32. Plaintiff was qualified for his position and had good evaluations when he was non-reappointed.

33. He was non-reappointed in a mass non-reappointment designation for alleged excessive declinations, and for which he did not have the requisite number of declinations even under the alleged declination policy the Agency claims governed.

34. The ratio of under-40 persons hired as reservists in 2015 to over-40 reservists hired in 2015, was significantly higher compared to the ratio of under-40

persons to over-40 persons who were non-reappointed in 2014, and even greater regarding those over 60 years of age.

35. Based on Jansen's and Pratt's comments on grandfathered wages to an older employee followed by their actions of attributing excessive and false declinations to Plaintiff, and the Agency's subsequent hiring of a significantly greater percentage of under-40 reservists than that the percentage of those over 60 who were no-renewed because of alleged declinations.

36. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered lost wages and benefits and other economic loss, and will continue to lose wages in the future, and is entitled to backpay and front pay, and attorney's fees and costs and legal expenses.

## COUNT TWO

## DISPARATE IMPACT BECAUSE OF AGE

37. Plaintiff re-alleges each and every allegation contain in ¶¶ 1-36 as if fully set forth herein.

38. Plaintiff, at age 64, was over the age of 40 and subject to protection under 29 U.S.C. § 633a(a) from any discrimination based on age.

39. Plaintiff was qualified for his position and had good evaluations when he was non-reappointed.

40. Defendant's three-declination policy, even if in effect in September, 2014 and even if it was otherwise a neutral employment practice, fell more harshly on older employees, and was unjustified by business necessity, and thus caused a disparate impact because of age.

41. The Agency did not tell the reservists of the policy while allegedly relying on it to weed out employees who were over 40 in significant numbers, while failing to determine whether there were any extenuating or excusable circumstances, and Plaintiff

had a legitimate expectation that he was performing as required.

42. Plaintiff was terminated under the three-declination policy without being told, before or afterward,

43. The statistics show significantly more negative impact on older persons under the three-declination policy both as written and as carried out in 2014.

44. As a direct and proximate result of Defendant's three-declination policy, as written and carried out in 2014, Plaintiff has suffered lost wages and benefits and other economic loss, and will continue to lose wages in the future, and is entitled to backpay and front pay, and attorney's fees and costs and legal expenses.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a. Backpay and lost benefits, and front pay

b. For an award of costs, legal expenses, and reasonable attorney's fees;

c. For any other relief deemed just and proper under the circumstances.

DATED this 22nd day of January, 2019.

LAW OFFICE OF ROGER W. FRAZIER

By: /s/ Roger W. Frazier
Roger W. Frazier
Attorney for Plaintiff

ORIGINAL of the foregoing electronically filed
this 22nd day of January, 2019, with the Clerk,
U.S. District Court, District of Arizona

By: /s/ Roger W. Frazier